```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Adrian L. Blissit, Jr.,           :

        Plaintiff,                :

     v.                           :    Case No. 2:15-cv-2598

                                  :    JUDGE JAMES L. GRAHAM
Officer Fiquris,                       Magistrate Judge Kemp
                                  :

        Defendant.                :
```

## REPORT AND RECOMMENDATION

This is a prisoner civil rights case. Defendant Officer Fiquris filed a motion for summary judgment on August 26, 2016. Mr. Blissit did not file a response. By order dated October 13, 2016, the Court directed Mr. Blissit to file a response within thirty days and advised him that his failure to do so may result in the dismissal of this action for failure to prosecute. Mr. Blissit has not responded to this order. Further, the Court notes that two orders mailed to Mr. Blissit have been returned as undeliverable with the notation that Mr. Blissit was paroled on June 4, 2016. Mr. Blissit has not provided the Court with an updated address.

If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b). <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985). Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief. <u>Dynes v. Army Air Force Exchange Service</u>, 720 F.2d 1495 (11th Cir. 1983). Ordinarily, some notice of the court's intention to dismiss

for failure to prosecute is required, see Harris v. Callwood, No. 86-4001 (6th Cir. April 21, 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam). Such a dismissal is also appropriate for failure to respond to a summary judgment motion. See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

The facts of this case indicate a clear failure to prosecute. The Court specifically advised Mr. Blissit of the date by which his response to the summary judgment motion was due, and that this action would be dismissed if he failed to respond. No response was filed. Although the Court's previous order was returned as undeliverable, that is the result of Mr. Blissit's failure to provide the Court with an updated address as he is obligated to do. See, e.g., Evans v. Metrish, 2008 WL 3200002 (Aug. 6, 2008) ("it is [plaintiff's] responsibility to update the court with current addresses"). Mr. Blissit's failure to notify the Court of his new address within the last six months is further indication that he may not intend to proceed with this case.

For these reasons, it is recommended that this action be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge

of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                                  /s/ Terence P. Kemp
                                                  United States Magistrate Judge